# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-781V**
**Filed: May 26, 2026**

|  |  |
|---|---|
| RENEE BYNDLOSS,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*Edward Kraus, Kraus Law Group, LLC, Chicago, IL, for petitioner.*
*Ryan Nelson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On June 26, 2020, Renee Byndloss ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act").  Petitioner alleged that she suffered bilateral shoulder injuries related to vaccine administration ("SIRVA") as a result of the measles-mumps rubella ("MMR") and tetanus-diphtheria-acellular pertussis ("Tdap") vaccinations she received on May 7, 2018.  (ECF No. 1.)

On April 24, 2026, a ruling on entitlement was issued finding petitioner entitled to compensation, but only for a left-side Table SIRVA resulting from her Tdap vaccination. (ECF No. 63.)  On May 26, 2026, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $61,328.43, representing $60,000.00 in pain and suffering and $1,328.43 in unreimbursed expenses for that injury.  (ECF No. 67.)  In the Proffer, respondent represented that petitioner agrees with the proffered award.  (*Id.*)  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $61,328.43, representing $60,000.00 in pain and suffering and $1,328.43 in unreimbursed expenses, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| RENEE BYNDLOSS, | |
| Petitioner, | |
| v. | No. 20-781V (**ECF**) |
| | Special Master Horner |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

### PROFFER ON AWARD OF COMPENSATION[1]

On June 26, 2020, Renee Byndloss ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on May 7, 2018.[2] Petition at 1. On April 24, 2026, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[3] ECF No. 63.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] Petitioner alleged bilateral SIRVA in her petition, but the right-sided SIRVA was subsequently dismissed. *See* ECF No. 63.

[3] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's April 24, 2026 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the Damages Decision.

## I.    Items of Compensation

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

Based on evidence supplied by petitioner, respondent proffers that petitioner should be awarded $1,328.43 in unreimbursed expenses.  *See* 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[4]: **a lump sum payment of $61,328.43, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner**.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[4] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

2

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

*/s/ Ryan A. Nelson*
RYAN A. NELSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-4027
ryan.nelson3@usdoj.gov

Dated: May 26, 2026

3

## CERTIFICATE OF SERVICE

I certify that today, May 26, 2026, a copy of the foregoing pleading will be served by electronic mail to Brynna Gang at bgang@krauslawyers.com.

*/s/ Ryan A. Nelson*
RYAN A. NELSON

4